IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREW MEHDIZADEH,**<br>**Plaintiff,**<br><br>v.<br><br>**STARBUCKS CORPORATION, THE NEW YORK TIMES COMPANY, THE AMERICAN PROSPECT,**<br>**Defendants.** | **CIVIL ACTION**<br><br><br><br>NO.  24-3339 |

### O R D E R

**AND NOW**, this 29th day of July,

1. Plaintiff Andrew Mehdizadeh's Motion for Leave to Amend (ECF No. 15) is **HEREBY GRANTED**.[1] Mehdizadeh's Third Amended Complaint (ECF No. 15-5) is the operative Complaint in this case.

2. Having granting Mehdizadeh's Motion for Leave to Amend, Mehdizadeh's Motions to Remand (ECF Nos. 2, 5, 6) are **HEREBY DENIED**.[2]

3. Upon receipt of Mehdizadeh's Amended Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 18), Mehdizadeh's previous Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 17) is **HEREBY DENIED AS MOOT**.

4. It is **HEREBY ORDERED** that a hearing shall be held on Mehdizadeh's Amended Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 18) in

---

[1] According to Defendants' Notice of Removal (ECF No. 1), Mehdizadeh amended his complaint multiple times in state court prior to his removal.  Although he thus seeks leave to file a Third Amended Complaint, it is the first amendment that he has filed in federal court.  Pursuant to Rule 15 of the Federal Rules of Civil Procedure, then, he may amend that pleading as a matter of course.  *See Thomason v. Norman E. Lehrer, P.C.*, 182 F.R.D. 121, 128 n.2 (D.N.J. 1998); *cf. Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014) ("The Federal Rules of Civil Procedure . . . do not provide for retroactive application to the procedural aspects of a case that occurred in state court prior to removal to federal court.").

[2] Mehdizadeh's Motions proceeded from the premise that he was going to add Apothecary Services, Inc. (d/b/a Rosemont Pharmacy), apparently a Pennsylvania entity, as a defendant, which would have divested the Court of diversity jurisdiction under 28 U.S.C. § 1332; *see id.* § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  But in his Motion for Leave to Amend, Mehdizadeh explained that, while he "strongly believes that Rosemont Pharmacy should be added as a party . . . it is impracticable to do so" (ECF No. 15 at 3).  Thus, the Court retains diversity jurisdiction at this stage.  In that Mehdizadeh has failed to identify any other basis requiring remand (or any caselaw to support his position), his Motions will be denied.  *See Reynolds v. Wagner*, 128 F.3d 166, 178 (3d Cir. 1997).

Courtroom 10A of the United States District Court for the Eastern District of Pennsylvania at 2:00 PM on August 2, 2024.

          **BY THE COURT:**

          **/s/Wendy Beetlestone, J.**

          **WENDY BEETLESTONE, J.**